Case 2:25-cv-10367    Document 1-1    Filed 10/28/25    Page 1 of 21    Page ID #:5
Electronically Filed by Superior Court of California, County of Orange, 09/23/2025 10:25:27 AM.
30-2025-01513023-CL-CR-CJC - ROA # 3 - DAVID H. YAMASAKI, Clerk of the Court By G. Ramirez, Deputy Clerk.

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY *(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*   PATINA GROUP, LLC, a Delaware Limited Liability Company; and DOES 1-50, Inclusive

CRYSTAL REDICK, an individual,
**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | CASE NUMBER: *(Número del Caso):* |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* Central Justice Center 700 Civic Center Drive West Santa Ana, CA 92701 | 30-2025-01513023-CL-CR-CJC |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Andrew J. Gramajo (SBN: 338144) 25A Crescent Dr. #402 Pleasant Hill, CA, 94523 (415) 638-9140

DATE: Clerk, by , Deputy
**09/23/2025**
*(Fecha)*   DAVID H. YAMASAKI, Clerk of the Court   *(Secretario)*   _____   *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* PATINA GROUP, LLC, a Delaware Limited Liability Company
   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☒ other *(specify):* Corp. Code 17701.16, LLC
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

Electronically Filed by Superior Court of California, County of Orange, 09/23/2025 10:25:27 AM.
30-2025-01513023-CL-CR-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By G. Ramirez, Deputy Clerk.

Andrew J. Gramajo (SBN: 338144)
**AJG LAW GROUP, PC.**
25A Crescent Dr. #402
Pleasant Hill, CA, 94523
Telephone: (415) 638-9140
Email: andrew@ajglawgroup.us

Attorney for Plaintiff,

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ORANGE - LIMITED JURISDICTION

CRYSTAL REDICK, an individual,

                    Plaintiff(s),

    vs.

PATINA GROUP, LLC, a Delaware Limited

Liability Company; and DOES 1-50, Inclusive,

                  Defendant(s).

Case No.: 30-2025-01513023-CL-CR-CJC

**COMPLAINT FOR:**

1. **Unruh Civil Rights Act Cal. Civ. Code § 51-53.**
2. **California Disabled Persons Act Cal. Civ. Code § 54.1.**
3. **ADA 42 U.S.C. § 12181 *et seq.***

**Demand: Exceeds $10,000**

**DEMAND FOR A JURY TRIAL**

PLAINTIFF CRYSTAL REDICK ("PLAINTIFF"), an individual, on behalf of herself and all other similarly situated current and former customers of PATINA GROUP, LLC ("DEFENDANT"), alleges on information and belief, except for her own acts and knowledge which are based on personal knowledge, the following:

## INTRODUCTION

1. Plaintiff CRYSTAL REDICK ("Plaintiff"), on behalf of herself and others similarly situated, asserts the following claims against PATINA GROUP, LLC ("Defendant") as follows.

2. Plaintiff is a visually-impaired and legally blind person who requires screen-reading software to read website content using her computer. Plaintiff uses the terms "blind" or "visually-

impaired" to refer to all people with visual impairments who meet the legal definition of blindness in that they have a visual acuity with correction of less than or equal to 20 x 200. Some blind people who meet this definition have limited vision. Others have no vision.

3. Based on a 2010 U.S. Census Bureau report, approximately 8.1 million people in the United States are visually impaired, including 2.0 million who are blind.

4. "Being unable to access website puts individuals at a great disadvantage in today's society, which is driven by a dynamic electronic marketplace and unprecedented access to information." U.S. Dep't of Justice, Statement of Eve L. Hill before the Senate Comm. on Health, Educ., Labor & Pensions, at 3 (May 14, 2013).

5. Plaintiff is a blind, visually impaired handicapped person and a member of a protected class of individuals under the ADA, under 42 U.S.C. § 12102(1)-(2), and the regulations implementing the ADA set forth at 28 CFR §§ 36.101 et seq.

6. Plaintiff requires screen-reading software to read website content using her computer. Plaintiff uses the terms "blind" or "visually-impaired" to refer to all people with visual impairments who meet the legal definition of blindness in that they have a visual acuity with correction of less than or equal to 20 x 200.

7. Plaintiff, individually brings this complaint to secure redress against Defendant PATINA GROUP, LLC ("Defendant"), for its failure to design, construct, maintain, and operate its website to be fully and equally accessible to and independently usable by Plaintiff and other blind or visually-impaired people. Defendant's denial of full and equal access to its website, and therefore denial of its products and services offered thereby and in conjunction with its physical location, is a violation of Plaintiffs' rights under the Americans with Disabilities Act ("ADA") and California's Unruh Civil Rights Act ("UCRA").

8. Plaintiff brings this civil rights action against Defendant to enforce Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("Title III"), which requires, among other things, that a public accommodation (1) not deny persons with disabilities the benefits of its services, facilities, privileges and advantages; (2) provide such persons with benefits that are equal to those provided to nondisabled persons; (3) provide auxiliary aids and services—including electronic

1  services for use with a computer screen reading program—where necessary to ensure effective
2  communication with individuals with a visual disability, and to ensure that such persons are not
3  excluded, denied services, segregated or otherwise treated differently than sighted individuals; and
4  (4) utilize administrative methods, practices, and policies that provide persons with disabilities equal
5  access to online content.

6      9. Because Defendant's website, www.naplesristorante.com, (the "Website" or "Defendant's
7  website"), is not fully or equally accessible to blind and visually impaired consumers in violation of
8  the ADA, Plaintiff invokes 42 U.S.C. § 12188(a)(2) and seeks a permanent injunction requiring:

9          a) that PATINA GROUP, LLC retain a qualified consultant acceptable to Plaintiff ("Mutually
10         Agreed Upon Consultant") who shall assist it in improving the accessibility of its Website so
11         the goods and services on them may be equally accessed and enjoyed by individuals with
12         vision related disabilities;

13         b) that PATINA GROUP, LLC work with the Mutually Agreed Upon Consultant to ensure
14         that all employees involved in website development and content development be given web
15         accessibility training on a periodic basis, including onsite training to create accessible content
16         at the design and development stages;

17         c) that PATINA GROUP, LLC work with the Mutually Agreed Upon Consultant to perform
18         an automated accessibility audit on a periodic basis to evaluate whether PATINA GROUP,
19         LLC's Website may be equally accessed and enjoyed by individuals with vision related
20         disabilities on an ongoing basis;

21         d) that PATINA GROUP, LLC work with the Mutually Agreed Upon Consultant to perform
22         end-user accessibility/usability testing on a periodic basis with said testing to be performed
23         by individuals with various disabilities to evaluate whether PATINA GROUP, LLC's Website
24         may be equally accessed and enjoyed by individuals with vision related disabilities on an
25         ongoing basis;

26         e) that PATINA GROUP, LLC work with the Mutually Agreed Upon Consultant to create an
27         accessibility policy that will be posted on its Website, along with an e-mail address and tollfree
28         phone number to report accessibility-related problems; and

f) that Plaintiff, their counsel and its experts monitor Defendant's Website for up to two years after the Mutually Agreed Upon Consultant validates it is free of accessibility errors/violations to ensure PATINA GROUP, LLC has adopted and implemented adequate accessibility policies.

10. Web-based technologies have features and content that are modified on a daily, and in some instances, an hourly, basis, and a one time "fix" to an inaccessible website will not cause the website to remain accessible without a corresponding change in corporate policies related to those web-based technologies. To evaluate whether an inaccessible website has been rendered accessible, and whether corporate policies related to web-based technologies have been changed in a meaningful manner that will cause the website to remain accessible, the website must be reviewed on a periodic basis using both automated accessibility screening tools and end user testing by disabled individuals.

## THE PARTIES

11. Plaintiff, at all relevant times, is and was a resident of Los Angeles County, California. Plaintiff is a legally blind, visually impaired handicapped person, and member of a protected class of individuals under the ADA, pursuant to 42 U.S.C. § 12102(1)-(2), and the regulations implementing the ADA set forth at 28 CFR §§ 36.101 et seq.

12. Defendant is and was at all relevant times a Delaware Limited Liability Company doing business in California. Defendant's restaurant is public accommodations within the definition Title III of the ADA, 42 U.S.C. §12181(7). Defendant's Website is a service, privilege, or advantage of its services, products and location.

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction over this action as a court of general jurisdiction. This Court has personal jurisdiction over Defendant because it conducts substantial business in the State of California, County of Orange.

14. Venue is proper in this Court because Defendant conducts business in this County, with their principal place of business located at 250 Delaware Avenue, Buffalo, NY 14202.

15. Limited jurisdiction is proper because Plaintiff seeks a permanent injunction ordering compliance with state and federal accessibility laws pursuant to the Unruh Civil Rights Act.

1

**STANDING**

2      16. Plaintiff CRYSTAL REDICK, is a blind, visually-impaired handicapped person and a

3   member of a protected class of individuals under the ADA, under 42 U.S.C. § 12102(1)-(2), and the

4   regulations implementing the ADA set forth at 28 CFR §§ 36.101 et seq.

5      17. Consumers such as the Plaintiff may use Defendant's services and access other brand

6   related content at www.naplesristorante.com ("Website"), the Website Defendant owns, operates, and

7   controls.

8      18. In addition to researching and using Defendant's services from the comfort and

9   convenience of their homes, consumers may also use Defendant's Website to sign up to receive news,

10   and special promotions related to services not available elsewhere.

11      19. Plaintiff was injured when she attempted on July 16, 2025, to access Defendant's Website

12   from her home in an effort to make a table reservation, but encountered barriers that denied her full

13   and equal access to Defendant's online goods, content and services.

14      20. Specifically, the Plaintiff wanted to make a table reservation.

15      21. As she enjoys sharing new dining experiences with her family, Plaintiff decided to search

16   for an Italian restaurant near Disneyland Park where she could take her family to enjoy authentic

17   cuisine. While searching online for Italian restaurants that serve wood-fired pizzas and other

18   traditional dishes, she came across the Defendant's website, NaplesRistorante.com, which appeared

19   among the top search results. The restaurant stood out because it was described as a family-friendly

20   destination offering authentic Italian food, including pizzas, pastas, and fresh salads, in a welcoming

21   setting. Interested by the restaurant's strong reputation, she decided to explore the website, including

22   the menu and reservation options, with the intent to book a table.

23      22. Plaintiff is interested in Defendant's website, which presents Naples Ristorante & Bar as

24   a family-friendly Italian restaurant offering authentic cuisine. The website showcases a diverse menu

25   that includes wood-fired pizzas, pastas, salads, and traditional Italian entrées, along with desserts and

26   beverages. The establishment highlights fresh, high-quality ingredients and a welcoming dining

27   experience, catering to individuals and families seeking flavorful and satisfying Italian dishes.

28   Therefore, Plaintiff desired to make a table reservation from the website. Due to Defendant's failure

to build the Website in a manner that is compatible with screen access programs, Plaintiff was unable to understand and properly interact with the Website, and was thus denied the benefit of making a table reservation.

23. The law requires that the Defendant reasonably accommodate Plaintiff's disabilities by removing these existing access barriers.

24. Plaintiff has been, and in absence of an injunction will continue to be injured by Defendant's failure to provide its online content and services in a manner that is compatible with screen reader technology.

25. Because of Defendant's denial of full and equal access to and enjoyment of the good, benefits and services of the Website, Plaintiff has suffered an injury in fact due to her inability to make a table reservation, which is a concrete and particularized injury, and is a direct result of Defendant's conduct.

26. Despite this direct harm and frustration, Plaintiff intends to attempt to access the Website in the future to use services that Website offers, and more specifically to make a table reservation from the website, if remedied.

## NATURE OF ACTION

27. The Internet has become a significant source of information, a portal, and a tool for conducting business, doing everyday activities such as shopping, learning, banking, researching, as well as many other activities for sighted, blind and visually impaired persons alike.

28. In today's tech-savvy world, blind and visually impaired people have the ability to access website using keyboards in conjunction with screen access software that vocalizes the visual information found on a computer screen or displays the content on a refreshable Braille display. This technology is known as screen-reading software. Screen-reading software is currently the only method a blind or visually impaired person may independently access the internet. Unless websites are designed to be read by screen-reading software, blind and visually impaired persons are unable to fully access websites, and the information, products, goods and services contained thereon.

29. Blind users of Apple macOS operating system-enabled computers and devices have a built-in screen-reading software program available to them. "Voice Over" is one of the most popular screen-reading software program.

30. For screen-reading software to function, the information on a website must be capable of being rendered into text. If the website content is not capable of being rendered into text, the visually impaired user is unable to access the same content available to sighted users.

31. The international website standards organization, the World Wide Web Consortium, known throughout the world as W3C, has published version 2.2 of the Web Content Accessibility Guidelines ("WCAG 2.2"). WCAG 2.2 are well-established guidelines for making website accessible to blind and visually impaired people. These guidelines are universally followed by most large business entities and government agencies to ensure their website are accessible.

32. Non-compliant websites pose common access barriers to blind and visually-impaired persons. Common barriers encountered by blind and visually impaired persons include, but are not limited to, the following:

a. A text equivalent for every non-text element is not provided;

b. Title frames with text are not provided for identification and navigation;

c. Equivalent text is not provided when using scripts;

d. Forms with the same information and functionality as for sighted persons are not provided;

e. Information about the meaning and structure of content is not conveyed by more than the visual presentation of content;

f. Text cannot be resized without assistive technology up to 200% without losing content or functionality;

g. If the content enforces a time limit, the user is not able to extend, adjust or disable it;

h. Web pages do not have titles that describe the topic or purpose;

i. The purpose of each link cannot be determined from the link text alone or from the link text and its programmatically determined link context;

j. One or more keyboard operable user interface lacks a mode of operation where the keyboard focus indicator is discernible;

k. The default human language of each web page cannot be programmatically determined;

l. When a component receives focus, it may initiate a change in context;

m. Changing the setting of a user interface component may automatically cause a change of context where the user has not been advised before using the component;

n. Labels or instructions are not provided when content requires user input, which include captcha prompts that require the user to verify that he or she is not a robot;

o. In content which is implemented by using markup languages, elements do not have complete start and end tags, elements are not nested according to their specifications, elements may contain duplicate attributes, and/or any IDs are not unique;

p. Inaccessible Portable Document Format (PDFs); and,

q. The name and role of all User Interface elements cannot be programmatically determined; items that can be set by the user cannot be programmatically set; and/or notification of changes to these items is not available to user agents, including assistive technology.



33. Websites have features and content that are modified on a daily, and in some instances hourly basis and a one time "fix" to an inaccessible digital platform will not cause the digital platform to remain accessible without a corresponding in change in corporate policies related to those web-based technologies. To evaluate whether an inaccessible website has been rendered accessible, and whether corporate policies related to website technologies have been changes in a meaningful manner that will cause the Website to remain accessible, the Website must be reviewed on a periodic basis using both automated accessibility screening tools and end user testing by disabled individuals.

34. Each of Defendant's violations of the Americans with Disabilities Act is likewise a violation of the Unruh Civil Rights Act. Indeed, the Unruh Civil Rights Act provides that any violation of the ADA constitutes a violation of the Unruh Civil Rights Act. Cal. Civ. Code, § 51(f).

35. Further, Defendant's actions and inactions denied Plaintiff full and equal access to their accommodations, facilities, and services. A substantial motivating factor for Defendant to deny Plaintiff access was the perception of Plaintiff's disability. Defendant's denial of Plaintiff's accessibility was a substantial motivating factor for Defendant's conduct. Plaintiff was harmed due

1 to Defendant's conduct. Defendant's actions and inactions were a substantial factor in causing the

2 lack of access to Plaintiff. Unruh Civil Rights Act. Cal. Civ. Code, § 51.

3 **STATEMENT OF FACTS**

4     36. Defendant is a restaurant that offers the website www.naplesristorante.com to the public.

5 The Website offers features which should allow all consumers to access the goods and services

6 offered in connection with its physical location. The goods and services offered by the Defendant

7 include, but are not limited to, the following: a menu featuring wood-fired pizzas, pastas, salads, and

8 other authentic Italian dishes. Access chef's specials, vegetarian options, and meals prepared with

9 fresh, high-quality ingredients. Review beverages and desserts, obtain information about gift cards,

10 and locate the restaurant address and dining services.

11     37. It is, upon information and belief, Defendant's policy and practice to deny Plaintiff, along

12 with other blind or visually impaired users, access to Defendant's Website, and to therefore

13 specifically deny the goods and services that are offered and integrated with Defendant's restaurant.

14 Due to Defendant's failure and refusal to remove access barriers to its website, Plaintiff and visually

15 impaired persons have been and are still being denied equal access to Defendant's restaurant and the

16 numerous goods, services and benefits offered to the public through its website.

17     38. Plaintiff is a visually-impaired and legally blind person, who cannot use a computer

18 without the assistance of screen-reading software. Plaintiff is, however, a proficient screen-reader

19 user and uses it to access the Internet. Plaintiff has visited the Website on July 16, 2025 using a screen-

20 reader.

21     39. Plaintiff intended to make a table reservation.

22     40. As she enjoys sharing new dining experiences with her family, Plaintiff decided to search

23 for an Italian restaurant near Disneyland Park where she could take her family to enjoy authentic

24 cuisine. While searching online for Italian restaurants that serve wood-fired pizzas and other

25 traditional dishes, she came across the Defendant's website, NaplesRistorante.com, which appeared

26 among the top search results. The restaurant stood out because it was described as a family-friendly

27 destination offering authentic Italian food, including pizzas, pastas, and fresh salads, in a welcoming

28

setting. Interested by the restaurant's strong reputation, she decided to explore the website, including the menu and reservation options, with the intent to book a table.

41. On July 16, 2025, Plaintiff visited Defendant's website, www.naplesristorante.com, to make a table reservation. Despite her efforts, however, Plaintiff was denied an online experience similar to that of a sighted individual due to the website's lack of a variety of features and accommodations, which effectively barred Plaintiff from having an unimpeded online experience.

42. Additionally, during Plaintiff's visits to the Website, Plaintiff encountered multiple access barriers that denied her full and equal access to the facilities, goods and services offered by Defendant to the public. Plaintiff was thus unable to: learn about restaurant location, hours and contact information, check availability and pricing of certain services, and related goods and services available both online and in restaurant.

43. Due to Defendant's failure to build its website in a manner that is compatible with screen reader programs, Plaintiff is and was unable to understand, and thus is denied the benefit of, much of the content and services she wishes to access or use. For example:

(a) Plaintiff encountered links that redirected to external websites without providing any indication of their destination, causing confusion about where the action would lead;

(b) Plaintiff encountered navigation menu elements that failed to announce their role or state (collapsed/expanded), preventing accurate identification and independent navigation using assistive technology.

44. As a result of visiting Defendant's Website and from investigations performed on her behalf, Plaintiff is aware that the Website includes at least the following additional barriers blocking her full and equal use:

a) Landmarks were not properly inserted into the home page. Plaintiff tried to navigate the home page using landmarks but could not access its main regions because of landmark inaccurate markup;

1
2
3

b) Interactive elements from the website could not be focused with the Tab key. The website did not provide helpful instructions on how to access the interactive element using arrow keys. Plaintiff did not know about the interactive element from the page;

4
5
6
7

c) Moving content had no mechanism to pause the movement. The mechanism should be provided to allow the user to read moving content in a static area. The mechanism must be accessible to the assistive technology and keyboard.

8
9
10
11

d) Several links had ambiguous texts that were unclear to Plaintiff. Lack of detailed description of the link target and destination page made it difficult for Plaintiff to perceive their purpose;

12
13
14
15

e) Links led to other websites and did not indicate that they were external. Plaintiff was disoriented on another website. The link text failed to warn legally blind customers about the significant change of the context;

16
17
18

f) Several links had different link texts but lead to the same destinations. It was confusing for Plaintiff to navigate to the same destination, while accessing different links;

19
20
21
22

g) Plaintiff tried to follow the links from the website and received no prior warning that the links opened new windows. As a result, Plaintiff unsuccessfully tried to use the "Back" function of the browser to go to the previous page and became disoriented;

23
24
25
26

h) Unclear and ambiguous labels for form fields impeded Plaintiff from correct information input. Plaintiff was unaware of the purpose of the interactive element and could not understand what information was required;

27
28

i) The interactive element on the web page did not announce its role and as a result, Plaintiff could not identify the purpose of the interactive element;

j) The Navigation sub-menus with drop-down lists did not announce their state - "collapsed" or "expanded". Plaintiff could not determine in which part of the sub-menu the keyboard focus was located or if links or additional categories were skipped.

45. Due to the inaccessibility of Defendant's Website, blind and visually impaired individuals such as Plaintiff, who need screen-readers, cannot fully and equally use or enjoy the facilities, products, and services Defendant offers to the public through its website. The access barriers Plaintiff encountered have caused a denial of Plaintiff's full and equal access in the past, and now deter Plaintiff on a regular basis from visiting the Website in order to perform functions equal to the sighted.

46. These access barriers on Defendant's Website have deterred Plaintiff from visiting Defendant's physical location and enjoying them equal to sighted individuals because: Plaintiff was unable to find the location and hours of operation of Defendant's restaurant on its website and other important information, preventing Plaintiff from visiting the restaurant to take advantage of the goods and services that it provides to the public.

47. If the Website were equally accessible to all, Plaintiff could independently navigate the Website and complete a desired transaction as sighted individuals do. In fact, Plaintiff intends to return to the Website when it is equally accessible for visually-impaired consumers in order to complete her intended transaction, as it is more convenient for Plaintiff to access the Website to make a table reservation than to travel to a physical location to make the same process. However, as long as the Access Barriers continue to exist on the Website, Plaintiff is prevented from making a table reservation.

48. These barriers, and others, deny Plaintiff full and equal access to all of the services the Website offers, and now deter her from attempting to use the Website and/or visit Defendant restaurant. Still, Plaintiff would like to, and intends to, attempt to access Defendant's Website in the future to research the services the Website offers, or to test the Website for compliance with the ADA.

49. Due to Defendant's failure and refusal to remove access barriers to its Website, Plaintiff and visually impaired persons have been and are still being denied equal access to Defendant's Website, and the numerous goods and services and benefits offered to the public through its website.

1    50. Through her attempts to use the Website, Plaintiff has actual knowledge of the access

2    barriers that make these services inaccessible and independently unusable by blind and visually

3    impaired people.

4    51. Though Defendant may have centralized policies regarding the maintenance and operation

5    of its Website, upon and information and belief, Defendant has never had a plan or policy that is

6    reasonably calculated to make its Website fully accessible to, and independently usable by,

7    individuals with vision related disabilities. As a result, the complained of access barriers are

8    permanent in nature and likely to persist.

9    52. The law requires that Defendant reasonably accommodate Plaintiff's disabilities by

10   removing these existing access barriers. Removal of the barriers identified above is readily achievable

11   and may be carried out without much difficulty or expense.

12   53. Plaintiff's above request for injunctive relief is consistent with the work performed by the

13   United States Department of Justice, Department of Transportation, and U.S. Architectural and

14   Transportation Barriers Compliance Board (the "Access Board"), all of whom have relied upon or

15   mandated that the public-facing pages of website complies with an international compliance standard

16   known as Web Content Accessibility Guidelines version 2.2 AA ("WCAG 2.2 AA"), which is

17   published by an independent third party known as the Worldwide Web Consortium ("W3C").

18   54. Plaintiff has been, and in the absence of an injunction will continue to be, injured by

19   Defendant's failure to provide its online content and services in a manner that is compatible with

20   screen reader technology.

21   55. Defendant has long known that screen reader technology is necessary for individuals with

22   visual disabilities to access its online content and services, and that it is legally responsible for

23   providing the same in a manner that is compatible with these auxiliary aids.

24   56. The ADA expressly contemplates the injunctive relief that Plaintiff seeks in this action. In

25   relevant part, the ADA requires:

26   57. In the case of violations of . . . this title, injunctive relief shall include an order to alter

27   facilities to make such facilities readily accessible to and usable by individuals with disabilities . . .

28

1  Where appropriate, injunctive relief shall also include requiring the . . . modification of a policy . . .

2  42 U.S.C. § 12188(a)(2).

3      58. Plaintiff alleges violations of existing and longstanding statutory and regulatory

4  requirements to provide auxiliary aids or services necessary to ensure effective communication, and

5  courts routinely decide these types of matters.

6      59. Resolution of Plaintiff's claims does not require the Court to unravel intricate, technical

7  facts, but rather involves consideration of facts within the conventional competence of the courts, e.g.

8  (a) whether Defendant offers content and services on its Website, and (b) whether Plaintiff can access

9  the content and services.

10      60. Without injunctive relief, Plaintiff and other visually impaired consumers will continue to

11  be unable to independently use the Website, thereby violating their rights.

12  **FIRST CAUSE OF ACTION**

13  **(Violations of the Unruh Civil Rights Act, California Civil Code § 51 et seq.)**

14  **(Alleged by Plaintiff against all Defendants)**

15      61. Plaintiff, on behalf of herself, repeats and realleges every allegation of the preceding

16  paragraphs as if fully set forth herein.

17      62. Defendant's restaurant are "business establishments" within the meaning of the California

18  Civil Code § 51 et seq. Defendant generates millions of dollars in revenue from the sale of its services

19  in California through its restaurant's location and related services and www.naplesristorante.com is a

20  service provided by Defendant that is inaccessible to customers who are visually-impaired like

21  Plaintiff. This inaccessibility denies visually-impaired customers full and equal access to Defendant's

22  facilities and services that Defendant makes available to the non-disabled public. Defendant is

23  violating the Unruh Civil Rights Act, California Civil Code § 51 et seq., in that Defendant is denying

24  visually impaired customers the services provided by www.naplesristorante.com. These violations

25  are ongoing.

26      63. Defendant's actions constitute intentional discrimination against Plaintiff on the basis of

27  a disability in violation of the Unruh Civil Rights Act, Cal. Civil Code § 51 et seq. in that: Defendant

28  has constructed a website that is inaccessible to Plaintiff; maintains the website in this inaccessible

1  form; and has failed to take adequate actions to correct these barriers even after being notified of the

2  discrimination that such barriers cause.

3   64. Defendant is also violating the Unruh Civil Rights Act, California Civil Code § 51 in that

4  the conduct alleged herein likewise constitutes a violation of various provisions of the ADA, 42

5  U.S.C. § 12101 et seq. Section 51(f) of the California Civil Code provides that a violation of the right

6  of any individual under the ADA shall also constitute a violation of the Unruh Civil Rights Act.

7   65. The actions of Defendant were and are in violation of the Unruh Civil Rights Act,

8  California Civil Code § 51 et seq., and, therefore, Plaintiff is entitled to injunctive relief remedying

9  the discrimination.

10   66. Plaintiff is also entitled to statutory minimum damages pursuant to California Civil Code

11  § 52 for each and every offense.

12   67. Plaintiff is also entitled to reasonable attorneys' fees and costs.

13   68. Plaintiff is also entitled to a preliminary and permanent injunction enjoining Defendant

14  from violating the Unruh Civil Rights Act, California Civil Code § 51 et seq., and requiring Defendant

15  to take the steps necessary to make www.naplesristorante.com readily accessible to and usable by

16  visually-impaired individuals.

17          **SECOND CAUSE OF ACTION**

18    **(Violations of the California Disabled Persons Act California Civil Code § 54.1.)**

19        **(Alleged by Plaintiff against all Defendants)**

20   69. Plaintiff, on behalf of herself, repeats and realleges every allegation of the preceding

21  paragraphs as if fully set forth herein.

22   70. The California Disabled Persons Act ("CDPA") guarantees, inter alia, that persons with

23  disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or

24  services in all business establishments of every kind whatsoever within the jurisdiction of the State

25  of California. Cal. Civ. Code § 54.1.

26   71. The CDPA provides that any violation of the ADA is a violation of the Unruh Act. Cal

27  Civ. Code, § 54.1 (d).

28

1      72. Defendant's acts and omissions, as herein alleged, have violated the CDPA by, inter alia,

2 denying, aiding, or inciting the denial of, Plaintiff's rights to inaccessibility deny visually-impaired

3 customers full and equal access to Defendant's facilities and services that Defendant makes available

4 to the non-disabled public.

5      73. Because the violation of the ADA resulted in a denial of full and equal access to the

6 Plaintiff, Defendant is also responsible for statutory damages, i.e., a civil penalty. Cal Civ. Code §

7 54.3. Therefore, Plaintiff is entitled to injunctive relief remedying discrimination.

8      74. Plaintiff is also entitled to reasonable attorneys' fees and costs.

9               **THIRD CAUSE OF ACTION**

10        **(Violations of the ADA, 42 U.S.C. § 12181 *et seq*.)**

11         **(Alleged by Plaintiff against all Defendants)**

12      75. Plaintiff, on behalf of herself, repeats and realleges every allegation of the preceding

13 paragraphs as if fully set forth herein.

14      76. Section 302(a) of Title III of the ADA, 42 U.S.C. § 12101 et seq., provides:

15      77. No individual shall be discriminated against on the basis of disability in the full and equal

16 enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place

17 of public accommodation by any person who owns, leases (or leases to), or operates a place of public

18 accommodation. 42 U.S.C. § 12182(a).

19      78. Defendant's physical location is a public accommodation within the definition of Title III

20 of the ADA, 42 U.S.C. § 12181(7). The Website is a service that is offered to the general public, and

21 as such, must be equally accessible to all potential consumers.

22      79. Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny

23 individuals with disabilities the opportunity to participate in or benefit from the products, services,

24 facilities, privileges, advantages, or accommodations of an entity. 42 U.S.C. § 12182(b)(1)(A)(i).

25      80. Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny

26 individuals with disabilities an opportunity to participate in or benefit from the products, facilities,

27 privileges, advantages, or accommodation, which is equal to the opportunities afforded to other

28 individuals. 42 U.S.C. § 12182(b)(1)(A)(ii).

81. Under Section 302(b)(2) of Title III of the ADA, unlawful discrimination also includes, among other things:

82. [A] failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations; and a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden. 42 U.S.C. § 12182(b)(2)(A)(ii)-(iii).

83. The acts alleged herein constitute violations of Title III of the ADA, and the regulations promulgated thereunder. Plaintiff, who is a member of a protected class of persons under the ADA, has a physical disability that substantially limits the major life activity of sight within the meaning of 42 U.S.C. § 12102(1)(A)-(2)(A). Furthermore, Plaintiff has been denied full and equal access to the Website, has not been provided services that are provided to other patrons who are not disabled, and has not been provided any reasonable accommodation to those services. Defendant has failed to take any prompt and equitable steps to remedy its discriminatory conduct. These violations are ongoing.

84. Under 42 U.S.C. § 12188 and the remedies, procedures, and rights set forth and incorporated therein, Plaintiff, requests relief as set forth below.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests this Court grant the following relief on behalf of PLAINTIFF:

85. A Declaratory Judgment on behalf of Plaintiff that at the commencement of this action PATINA GROUP, LLC was in violation of the specific requirements of Title III of the ADA described above, and the relevant implementing regulations of the Unruh Civil Rights Act, California Disabled Persons Act, and ADA, in that PATINA GROUP, LLC took no action that was reasonably

calculated to ensure that its website is fully accessible to, and independently usable by, individuals with visual disabilities;

86. A preliminary and permanent injunction pursuant to section 52.1 of the California Civil Code on behalf of Plaintiff enjoining Defendant from violating the Unruh Civil Rights Act and ADA and requiring Defendant to take the steps necessary to make www.naplesristorante.com readily accessible to and usable by visually-impaired individuals;

87. An award of costs and expenses of this action on behalf of Plaintiff;

88. An award of statutory minimum damages of $4,000 per offense per person pursuant to the Unruh Civil Rights Act or California Disabled Persons Act of the California Civil Code on behalf of Plaintiff.

89. For attorneys' fees and expenses pursuant to California Civil Code §§ 52(a), 52.1(h), California Civil Code §54.1, and 42 U.S.C. § 12205; and

90. Such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiff, on behalf of herself and all others similarly situated, hereby demands a jury trial for all claims so triable.

DATED: September 22, 2025

*Andrew J. Gramajo*
Andrew J. Gramajo, Esq.
**AJG LAW GROUP, PC.**
Attorney for Plaintiff

# EXHIBIT B

Case Summary:

| Case Id: | 30-2025-01513023-CL-CR-CJC |
|---|---|
| Case Title: | CRYSTAL REDICK VS. PATINA GROUP, LLC, A DELAWARE LIMITED LIABILITY COMPANY |
| Case Type: | CIVIL RIGHTS |
| Filing Date: | 09/23/2025 |
| Category: | CIVIL - LIMITED |

Register Of Actions:

| ROA | Docket | Filing Date | Filing Party | Document | Select |
|---|---|---|---|---|---|
| 1 | E-FILING TRANSACTION 31720589 RECEIVED ON 09/23/2025 10:25:27 AM. | 09/24/2025 | | *NV* | |
| 2 | COMPLAINT FILED BY REDICK, CRYSTAL ON 09/23/2025 | 09/23/2025 | | 18 pages | ☐ |
| 3 | SUMMONS ISSUED AND FILED FILED BY REDICK, CRYSTAL ON 09/23/2025 | 09/23/2025 | | 1 pages | ☐ |
| 4 | PAYMENT RECEIVED BY ONELEGAL FOR 168 - COMPLAINT OR OTHER 1ST PAPER >$10K<=$35K IN THE AMOUNT OF 370.00, TRANSACTION NUMBER 13690371 AND RECEIPT NUMBER 13518631. | 09/24/2025 | | 1 pages | ☐ |

Participants:

| Name | Type | Assoc | Start Date | End Date |
|---|---|---|---|---|
| CRYSTAL REDICK | PLAINTIFF | | 09/24/2025 | |
| PATINA GROUP, LLC, A DELAWARE LIMITED | DEFENDANT | | 09/24/2025 | |
| AJG LAW GROUP, PC. | ATTORNEY | | 09/24/2025 | |

Hearings:

| Description | Date | Time | Department | Judge |
|---|---|---|---|---|

Print this page